Judge Mills
delivered the Opinion of the Court.*
Fitzhugh, the complainant below, and now appellant, endorsed a bill of exchange, to the Bank of the United States, drawn by Thomas Q. and Henry H. Roberts. The bill was protested, and on notice thereof, Fitzhugh discharged and took up the bill, and applied to the drawers for the amount, who gave him therefor forty-five shares of stock, in the bank of Shepherdsvilie, on which they had paid three installments, amounting to $2,700, about the same he had paid for the bill. Thomas Q. and H. H. Roberts, held the scrip of the bank, for said shares, or a certificate of the numbers and amount, stating on its face, that the stock was transferable only at bank, personally or by attorney. They accordingly gave to the appellant a letter of attorney to the cashier of the bank, authorizing Mm to make the transfer, and on making application to the cashier to make the transfer, he refused to do so. He next applied to theMcssrs. Robertses, and they gave him a writing, confirming their first transfer, and conveying the stock to him, and appointing another agent to apply for them, and get the transfer made. But on the second application, the officers of the bank, still refused to permit the transfer to be made.
The appellant then brought this bill against the bank and the Messrs. Robertses, to compel an assignment of the slock to him, and to compel the batik to account to him for the dividends, after the transfer.
The bank answered, admitting the facts, and alleging, as the only reason why the transfer was not made, that the Messrs. Robertses were then indebted to the bank a sum of money, due by not#s, endorsed, and it was understood, they say, when *127 the accommodation was made,the stock was a pledge, although there was no writing to that effect.
Decree of the circuit court.'
Further statement of the facts.
The question is, which has the preference? Can the bank retain' the stock as a security to them against the transfer made to the appellant?
The court below decided this question in favor of the bank, and dismissed the bill, a£ to the bank, but gave a decree against the Messrs. Robertses for the amount. This decree is questioned by this appeal.
We cannot find either in the answer of the biink, or in the proof, a special pledge of this stock. It is proved that the bank was then in the habit of lending to the stockholders only, and that to the amount of their stock; and the stockholders in this instance, when they got their last accommodation, made use of their stock, as an inducement to the accommodation. But the bank required and obtained endorsers then supposed to be good, and after the last accommodation, issued their scrip specifying on its face, that the stock was negotiable.
At the time the stock was sold to the complainant, the debts due from the firm ef Thomas Q. and II. II. Roberts, had not become payable, and they had been in no default when the demand of a- transfer was made at the bank. Afterwards they failed, and their paper was protested, and actions were brought on both their notes, against them and their endorsers. In one of these actions, judgment was obtained against the whole, and an ineffectual execution against all but one endorser, as to whom no execution has been prosecuted, and there is no proof of insolvency as to him.
In the other case, which is the principal demand at the trial, the cause was dismissed without prejudice against the endorsers, who questioned by their plea the diligence of the bank, and no judgment or execution has been had against them, although there is proof rendering it probable that an execution would be ineffectual as to them also, owing to their insolvency. It is proved that in other cases, when the bank loaned on the credit of the stock only, it had taken written pledges, and that it had admitted a transfer of stock, when the stockholders were *128 indebted, without hesitation, and a short time be-f°re this transaction arose, the bank had admitted a transfer of part of the stock in question, to the firm of Thomas Q, and H. JET. Roberts, by a debtor considerable amount. . .
Where a iiuTi*cevtííí cate'of its" stock, stating thautls06 transferable, it has no Hen for debts, but ma/háveit1 fransrérred to him; the chancellor will compel it.
•f oertitfeate'1 of°stook is° not noccasa-
The controversy brings itself then to this point, the bank a general lien by law, on the stock 111 inst'tubión by their debtors, notwithstanding they had issued their scrip, declaring the existence of the stock, and its negotiability.
It is true, the bank had possession of this stock, and possession Often times carries with it aliento indemnify for debts contracted on the credit of the tljjng possessed. Such is the case decided at the present term iu Bard &c. vs. Stuart. Still,however, we apprehend the possession of the bank in this instance, can give it no lien. It had no express pledge of the stock, and all the lien contended for, is that which the law may infer from the circumstances. No such inference can be drawn. Bank stock is an article of commerce; and the certificate of shares, is not only the evidence of title, but the evidence of the negotiability of the stock, and must he taken as conclusive evidence against the bank, that the stock is saleable and free of incumbrance. If the bank wishes to avail itself of such a pledge, it must take from the holder this evidence of tide and transferable qualily, and shew an express pledge. Otherwise the holder of such evidence, might delude ami impose upon purchasers, and the hank stand as a tacit accomplice in that delusion, and then be permitted to take from an innocent purchaser, the title thus acquired.
We attach no importance to the want of a seal ^ic Corporation of this scrip. Whether sealed or its terms equally invited purchasers to take it, and the appellant having done so, he is entitled to a clear preference over the bank. The court below, ought, therefore, to have decreed the transfer of the stock to the appellant, and to have directed an account of the dividends to be taken, and to have rendered a decree therefor against the bank, and if this had proved inadequate to discharge the demand of the complainant, to have rendered a do* *129 ¡cree for the residue against Thomas Q. and íf. H. Roberts.
Bibb and Maggin for appellant; Crittenden foi* defendants..
The-decree must be reversed with costs, and the cause be remanded for such decree, and proceedings to be there had as shall accord with this ion.
*130 CASES DETERMINED AT THE SFR1BI© TEEM 1826.

 Absent, Chief Justice Boyle.